Eastern Dis.<br>*March*, 1834.<br><br>MOONEY<br>*vs.*<br>BRANDON.

MOONEY *vs.* BRANDON.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

This case presents a question of fact only.

This was a petitory action, brought in 1832, to recover twelve town lots, situated in the town of M'Donough, in the parish of Jefferson, and one thousand dollars as damages for the detention of possession.

The plaintiff's title was denied, and the general issue pleaded.

Title was set up under a deed of the state treasurer, purporting to convey to the plaintiff " all the right, title, interest and claim which Moses Duffy had" at or subsequent to the 1st of December, 1825. The introduction of this deed was opposed by the defendant, because no identity of the lots therein mentioned and those claimed was shown; but the judge *a quo* admitted it, and allowed the plaintiff to establish the identity by other proof.

The plaintiff produced the assessment roll for 1825, of the parish of Jefferson, on which Moses Duffy was placed as the owner of twelve town lots, in the said town; and the list of the non-residents of that parish for that year, also,

EASTERN DIS
*March*, 1834.
═══════════
MOONEY
*vs.*
BRANDON.

containing the name of Moses Duffy as the owner of twelve town lots in the same town, and the amount of the tax upon them for that year.

The sale by the treasurer took place after the lots in question had been duly advertised, in 1828, for state taxes, due upon the lots claimed in 1825, and by virtue of the second section of an act entitled "An act supplementary to the several acts relative to the revenue, approved March 20th, 1818."

The defendant offered to pay the plaintiff the amount, eleven dollars, paid by the latter at the sale, but the defendant did not admit that the plaintiff had purchased the lots of which he was in possession.

The defendant had erected two small frame buildings on some lots, which he admitted to the witness, had belonged to the late Moses Duffy, who had purchased twelve town lots in the said town.    Duffy had died before the sale, as witness believed, in Texas, and his widow, now defendant's wife, lived in the state of Mississippi.

Judgment was rendered for the defendant, the judge *a quo* being of opinion that the plaintiff had failed to show title in Moses Duffy, and that *that* was indispensably requisite to entitle the plaintiff to a judgment in his favor.

MARTIN, J., delivered the opinion of the court.

This is a petitory action, in which the recovery of twelve lots of ground in the possession of the defendant is sought, under an adjudication for taxes in arrear.    The general issue was pleaded, and there was judgment for the defendant; the plaintiff appealed, after an unsuccessful effort to obtain a new trial.

The record shows that the plaintiff introduced in evidence the assessment roll, in which the defaulting taxable was charged with the tax, and the list of non resident owners, containing his name; finally the deed of sale of the treasurer of the state: publication was proved, &c.

The defence set up below was that the plaintiff had not
purchased the lots in the possession of the defendant.

In this court the counsel of the plaintiff has relied on the
following points.

I. That the defendant admitted at the trial that the defaulting taxable had a legal title to the premises.

II. That this was proved by the testimony of the witnesses of the parties.

III. That parol evidence having been given without any objection, written evidence was unnecessary.

The case presents no question of law, and the only question is whether such admission was made, and such evidence given. A close examinat on of the record has led us to the conclusion that the first judge did not err in considering that there was no admission nor evidence of the defaulter's title to the lots possessed by the defendants.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and that there be judgment in favor of the appellant, as in a case of non-suit; the said appellant paying the cost in this court.

*Preston*, for plaintiff and appellant.

*McCaleb* and *Gray*, for defendant and appellee.